UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TYRONE PIERRE,

                Plaintiff,

    -against-

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

                Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
24-CV-7265 (NRM) (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

This matter is before the Court on referral from the Honorable Nina R. Morrison to oversee and manage discovery.  For the reasons set forth herein, the Court respectfully recommends *sua sponte* that the claims brought by *pro se* Plaintiff Tyrone Pierre ("Pierre" or "Plaintiff") be dismissed with prejudice for failure to prosecute and comply with court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

## I.  RELEVANT BACKGROUND

By way of Complaint dated June 3, 2024, Plaintiff brought this action in Nassau County District Court against Defendant Portfolio Recovery Associates, LLC ("Defendant"), alleging violations of:  (i) the search and seizure and warrants clauses of the Fourth Amendment; and (ii) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*  *See* Complaint, DE [1-1].  Defendant removed the action to this Court on October 16, 2024.  *See* Notice of Removal, DE [1].

Pierre has yet to attend a conference in this Court.  On January 22, 2025, after Plaintiff failed to appear for an initial conference, he was warned that his continued

failure to appear at court conferences could result in a recommendation that his case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. *See* Minute Order, DE [14].  On February 18, 2025, Pierre missed a rescheduled initial conference and was again warned that a recommendation to dismiss pursuant to Federal Rule of Civil Procedure 41 could result if he failed to appear to future conferences.  *See* Minute Order, DE [18].

After the Court granted two further adjournment requests by Plaintiff, neither of which provided justification, *see* Elec. Orders dated Mar. 19, 2025; July 1, 2025, the Court directed him to confer with Defense counsel to determine three additional dates on which both parties were available for a rescheduled initial conference and submit a letter to that effect by July 9, 2025, and warned Pierre again that if he failed to appear, it might issue a recommendation that the action be dismissed.  *See* Elec. Order dated July 1, 2025.  On July 14, 2025, after no letter was submitted, the Court again instructed the parties to confer and submit proposed dates.  *See* Elec. Order dated July 14, 2025.  In response, Defense counsel filed a letter representing that Plaintiff had not responded to their attempts to contact him and confer.  *See* Letter, DE [31].  The Court then rescheduled the initial conference for September 15, 2025. *See* Elec. Order dated July 28, 2025.

On September 9, 2025, Pierre again requested an adjournment of the initial conference without conferring with Defendant as to its availability or consent, and without providing a justification.  *See* Letter Motion, DE [33].  For no apparent reason, the dates Plaintiff proposed for a rescheduled conference ranged from late

January to March 2026. *Id.* On September 11, 2025, the Court directed the parties to file a letter by September 18, 2025 proposing three available dates in October 2025 to finally conduct the initial conference and informed Pierre that his failure to confer with Defendant was in contravention of its previous orders. *See* Elec. Order dated Sept. 11, 2025. On September 18, 2025, Defendant filed a letter again representing that Plaintiff had not responded to its attempts to contact him and proposing three conference dates in October 2025. *See* Letter, DE [35]. On September 22, 2025, the Court ordered Pierre to respond to Defendant's letter by September 26, 2025. *See* Elec. Order dated Sept. 22, 2025. He has not done so.

In advance of each missed conference and disregarded Court order, Defense counsel or the Court served the relevant notice on Pierre. *See* Certificates of Service, DEs [11], [15], [19], [22], [24], [28], [36]; Scheduling Order dated Feb. 11, 2025.

## II.    LEGAL STANDARDS

Rule 41(b) authorizes the district court to dismiss a complaint if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); *see LeSane v. Hall's Sec. Analyst. Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). In considering whether dismissal on these grounds is proper, courts consider the following factors:

> (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in

managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.

*Green v. Rodgers*, No. 15-CV-2260 (RRM) (PK), 2017 WL 1208746, at \*6 (E.D.N.Y. Mar. 15, 2017) (citing *Davis v. Town of Hempstead*, 597 Fed. App'x. 31, 32 (2d Cir. 2015)), *report and recommendation adopted*, 2017 WL 1216524 (E.D.N.Y. Mar. 31, 2017); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).  In conducting the analysis under Rule 41(b), "no one factor is dispositive." *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).  Moreover, a court is not required to discuss each factor at length, so long as an explanation for dismissal is given.  *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *see also Baptiste*, 768 F.3d at 217 (observing that district courts are not expected to "make exhaustive factual findings or to utter . . . robotic incantations") (internal quotation marks and citation omitted).  Ultimately, whether to dismiss a case for failure to prosecute lies within the court's discretion.  *U.S. ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-CV-7351 (ARR) (CLP), 2015 WL 740034, at \*2 (E.D.N.Y. Feb. 20, 2015) (citation omitted).  Further, such a dismissal may be with prejudice if "a court finds 'willfulness [or] bad faith' by the non-compliant litigant." *Paige v. Lacoste*, No. 10-CV-3356 (SLT) (RER), 2014 WL 4804866, at \*3 (E.D.N.Y. Sept. 26, 2014) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *see Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642 (WFK) (ST), 2019 WL 360099, at \*6 (E.D.N.Y. Jan. 11, 2019), *report and recommendation adopted*, 2019 WL 356939 (E.D.N.Y. Jan. 29, 2019).

## III.    DISCUSSION

Applying these standards, the Court respectfully recommends dismissal with prejudice of Plaintiff's claims pursuant to Fed R. Civ. P. 41(b) for failure to prosecute and abide by court orders.  Despite notice from the Court and Defense counsel, Pierre has not participated in this litigation in any meaningful way, save for filing a series of adjournment requests with no justification for relief.  *See* Letter Motions, DEs [20], [21], [29], [33].  His latest such request proposes dates ranging from late January to March 2026 for a rescheduled initial conference, despite the fact that this case was removed to this Court on October 16, 2024.  *See* Letter Motion, DE [33].  Because Plaintiff provides no reason why he is unavailable sooner, this motion points to dilatory motive.

Moreover, in contravention of multiple Court orders, *see* Elec. Orders dated July 1, 2025; July 14, 2025; July 28, 2025; Sept. 11, 2025; Sept. 28, 2025, Pierre refuses to respond to Defense counsel's attempts to contact him.  *See* Letters, DEs [31]; [35].  Under these circumstances, it appears that he is no longer interested in pursuing his claims or participating in this action any further.  Moreover, Plaintiff was warned on January 22, 2025; February 18, 2025; and July 1, 2025 that repeated failures to appear for an initial conference could result in a recommendation to the District Judge to issue a Rule 41 Order to dismiss the case.  *See* DEs [14], [18]; Elec. Order dated July 1, 2025.  In light of these facts, the Court concludes that Pierre's continued noncompliance is willful, *see Jin Fang Luo*, 2019 WL 360099, at *5 (collecting cases), and that Plaintiff's refusal to comply with court orders renders a

lesser sanction ineffective.  *See  Johnson v. New York City*, 646 F. App'x 106, 108 (2d Cir. 2016).  Accordingly, the Court recommends that the Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

## IV.    CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Pierre's claims be dismissed with prejudice for failure to prosecute and comply with court orders pursuant to Fed. R. Civ. P. 41(b).

## V.    OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff at his last known address and on Defendant by electronic filing on the date below. **Defense counsel is directed to serve a copy on Pierre within two days of the date below and promptly file proof of service via ECF.** Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report.  Failure to file objections within this specified time waives the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Wolvier*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
          October 06, 2025

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge